UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN D. MCGEE, )
    Petitioner, )
    v. ) No. 4:20-CV-345 SRC
JULIE INMAN, )
    Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Kevin D. McGee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will dismiss the petition without prejudice for failure to exhaust his state court remedies.

**Background**

The following information is drawn from the instant petition, and from independent review of petitioner's state court proceedings on Missouri Case.net[1], the State of Missouri's online docketing system, as well as petitioner's prior habeas petitions filed in this Court.[2]

---

[1] The record on Missouri.Case.Net reveals that petitioner filed three state habeas corpus proceedings in the past three years, pursuant to Rule 91 of the Supreme Court Rules. These three actions were consolidated into the same action, *McGee v. Stringer,* No. 17SF-CC00088 (24th Judicial Circuit, St. Francois County Court). Petitioner's application for habeas corpus was denied on December 15, 2017. There is no indication that petitioner filed an appeal of the denial of his habeas action.

[2] Petitioner has filed thirteen (13) prior habeas corpus petitions seeking release from his civil confinement in this Court. *See McGee v. Reeves,* 4:97-CV-1703 FRB (E.D.Mo); *McGee v. State of Missouri,* 4:97-CV-1935 FRB (E.D.Mo); *McGee v. Limbaugh,* 4:97-CV-2299 TIA (E.D.Mo); *McGee v. Limbaugh,* 4:97-2384 CAS (E.D.Mo); *McGee v. Menditto,* 4:04-CV-139 CAS (E.D.Mo); *McGee v. Menditto,* 4:05-CV-528 FRB (E.D.Mo); *McGee v. Ring,* 4:09-CV-821 CAS (E.D.Mo); *McGee v. Schmitt,* 4:16-CV-1093 CEJ (E.D.Mo); *McGee v. Stringer*, 4:17-CV-258 ACL (E.D.Mo); *McGee v. Schmitt,* 4:17-CV-2366 NCC (E.D.Mo); *McGee v. Hacker,* 4:19-CV-1205 HEA (E.D.Mo); *McGee v. Schmidtt,* 4:19-CV-3214 SRC (E.D.Mo).

Petitioner has additionally filed eight (8) cases pursuant to 42 U.S.C. § 1983 in this Court. *See McGee v. Stringer,* 4:19-CV-1109 DDN (E.D.Mo); *McGee v. Schmitt,* 4:19-CV-2477 CDP (E.D.Mo); *McGee v.*

Petitioner, who is currently confined at the Southeast Missouri Mental Health Center in Farmington, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that in 1988, he plead guilty by mental disease or defect ("NGRI") to third degree misdemeanor assault and flourishing a deadly weapon in the Circuit Court of Cape Girardeau County, Missouri. The state accepted petitioner's plea and, pursuant to Missouri Revised Statute § 552.030, the Missouri State Court ordered petitioner committed to the custody of the Director of the Missouri Department of Mental Health on June 8, 1988. Petitioner did not appeal the judgment.

As grounds for relief, petitioner asserts that the state court exceeded its authority and violated his due process rights when it accepted his NGRI plea and committed him to the Department of Mental Health after finding he lacked competence to proceed.[3]

In the instant petition, petitioner asks this Court to order his release.

## Discussion

Petitioner's grounds for relief in the instant petition relate to his original NGRI plea on June 8, 1988. He does not appear to be seeking either conditional or unconditional relief pursuant to his available remedies. Nonetheless, in an abundance of caution, the Court will analyze petitioner's requests for relief under both avenues.

---

*Limbaugh,* 1:97-CV-128 CAS (E.D.Mo); *McGee v. State of Missouri*, 1:97-CV-144 CAS (E.D.Mo); *McGee v. Limbaugh,* 1:97-CV-167 CAS (E.D.Mo); *McGee v. Limbaugh,* 1:97-CV-181 ERW (E.D.Mo); *McGee v. Stringer*, 4:17-CV-259 RWS (E.D.Mo); *McGee v. Schmitt*, 4:17-CV-1490 RLW (E.D.Mo).

[3] Petitioner argues that Mo.Rev.Stat § 552.020.8 provides justification for his argument. This section states: "At a hearing on the issue pursuant to subsection 7 of this section, the accused is presumed to have the mental fitness to proceed. The burden of proving that the accused does not have the mental fitness to proceed is by a preponderance of the evidence and the burden of going forward with the evidence is on the party raising the issue."

### A. Petitioner's Request for Relief as to His Original Judgment is Time-Barred

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal.

Petitioner states that he entered his NGRI plea on June 8, 1988 but did not appeal his NGRI plea. Thus, only § 2244(d)(1)(A) is applicable to petitioner, and his one-year limitation period began to run on the date upon which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not appeal his NGRI plea, his one-year limitation period began to run--at the latest--ten days from June 8, 1988, the date on which petitioner's judgment was entered. *Cf. Smith v. Bowersox,* 159 F.3d 345 (8th Cir. 1998); Mo. Sup. Ct. R. 30.01(d). Because the judgment petitioner wishes to attack became final before the establishment of the one-year limitation period, he is entitled to a one-year grace period ending on April 24, 1997. *See Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir. 1999). The instant petition was received by this Court more than twenty-two years after the running of the one-year limitation period.

### B. Petitioner's Request for Conditional or Unconditional Relief

To the extent petitioner is seeking either conditional or unconditional relief, his request is subject to dismissal due to his failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion

requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent inquiry reveal, that he applied for release, much less that he appealed the denial of such an application to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

**C. Certificate of Appealability Will be Denied**

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus [Doc. #1] is **DENIED AND DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 10th day of March, 2020.

*[signature: SL R. CR]*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE